BEUTTELL *v.* MAGONE, Collector.

*(Circuit Court, S. D. New York.  January 29, 1890.)*

CUSTOMS LAWS—RUGS—TOURNAY VELVET CARPETS.

Daghestan rugs and Dag. Dag. rugs of like character or description to Tournay velvet carpets, though not, or not made from, portions of such carpets, are, under Schedule K of the tariff act of March 3, 1883, (22 U. S. St. 488,) dutiable at the rate of duty imposed by that schedule upon Tournay velvet carpets.

At Law.

During November and December of the year 1887 the plaintiff made six importations from Halifax, England, into the port of New York, of certain merchandise invoiced as Daghestan rugs and Dag. Dag. rugs. These rugs were classified for duty by the defendant, as collector of that port, as rugs of like character or description to Tournay velvet carpets, under the provision that "mats, rugs, screens, covers, hassocks, bedsides, and other portions of carpets or carpetings, shall be subjected to the rate of duty herein imposed on carpets or carpeting of like character or description," contained in Schedule K of the tariff act of March 3, 1883;

(Tariff Ind., New, par. 378,) and the provision for Tournay velvet carpets contained in the same schedule, (Id. par. 370;) and, pursuant to such provisions, duty at the rate of 45 cents per square yard, and, in addition thereto, of 30 per centum *ad valorem*, was exacted thereon. Against this exaction and this classification the plaintiff duly protested, claiming that these rugs were dutiable at the rate of 40 per centum *ad valorem* as "rugs," under the provision for all other rugs contained in the same schedule. Id. par. 378. Thereafter, the plaintiff duly made appeals to the secretary of the treasury, and, within 90 days after adverse decisions were rendered thereon by the secretary, duly brought this suit to recover the difference between the duties at the rate exacted and the duties at the rate claimed by him in his protest. Upon the trial it appeared that these rugs were of the following sizes: 36 inches long by 18 or 36 inches wide; 53 inches long by 27 inches wide; 63 inches long by 36 inches wide; 72 inches long by 44 inches wide,—that the upper surfaces of the same were plush, made of worsted; that the upper surface of Tournay velvet carpets, which was another name for Wilton velvet carpets, were also plush, made from worsted, and that there were other carpets enumerated *eo nomine*, or otherwise, in the tariff act of March 3, 1883, whose upper surface were also plush; that the backs or lower surfaces of these rugs were of the same general character as the lower surface or back of Wilton or Tournay velvet carpets, though made of different materials; that the designs upon the upper surfaces of these rugs were of the common rug designs, and not of the same designs as found on Wilton or Tournay velvet carpets; that these rugs were otherwise of the same character or description as Wilton or Tournay velvet carpets; that the plaintiff advertised and put upon the market these rugs under the designation of Wilton Daghestan rugs; that on and prior to March 3, 1883, rugs of like character and description to the rugs in suit were bought and sold in the trade and commerce of this country under the name of Wilton rugs; that there were rugs made from portions of carpets or carpeting; that the rugs in suit were not so made, but were each woven in a loom, generally to the number of 10 to 15, separate and distinct, being only connected by fringe, which consisted of threads running through the entire number of rugs woven at one time; that after these rugs were so woven, they were cut apart by cutting this fringe, and the fringe left at the ends of each rug was tied, and each rug was then ready for the market; that the looms on which the rugs in suit were woven were heavier than the looms on which the Wilton or Tournay velvet carpets were made, and had six frames, while the looms upon which the Wilton or Tournay velvet carpets were woven had only from three to five frames; that the looms on which the rugs in suit were woven were especially adapted to weaving rugs, and not carpets; that the looms upon which Wilton or Tournay velvet carpets were woven were especially adapted for weaving carpets, and were not adapted for weaving rugs; and that bedsides were simple pieces or portions of carpets or carpetings, cut into desired lengths, and without any finishing after being so cut, to be laid down beside beds. Both sides having rested, both plaintiff and defend-

ant respectively moved the court to direct the jury to find a verdict in his favor.

*Stephen G. Clarke* and *Charles Curie*, for plaintiffs.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge, (*orally*.) The rugs in suit are of like character or description to Wilton or Tournay velvet carpets. The provisions for these and other carpets or carpetings, and also for rugs, contained in Schedule K of the tariff act of March 3, 1883, and similar provisions contained in various other tariff acts, from 1861 to March 3, 1883,—Act March 2, 1861, c. 68, § 13, (12 U. S. St. 178;) Act July 14, 1862, c. 163, § 9, (Id. 543;) Act June 30, 1864, c. 171, § 5, (13 U. S. St. 202;) Act March 2, 1867, c. 197, § 1, (14 U. S. St. 559;) Schedule L, § 2504, Rev. St.,—leave little doubt as to the question raised here. It appears that congress, after providing for a great many different kinds of carpets or carpetings by specific names, or by descriptive terms indicative of the materials of which they are composed, has further provided that all rugs of like character or description to any of these enumerated carpets or carpetings shall be subject to the rate of duty imposed on such carpet or carpetings. Having made provision for such rugs, it has then provided that all other rugs, not included in that provision, shall be subject to duty at the rate of 40 per cent. *ad valorem.* There is no reason to suppose, as contended by the plaintiff in support of his claim, that congress intended that rugs of like character or description to some one of the various enumerated carpets or carpetings, when they are, or are made from, portions thereof, should pay the same rate of duty as is imposed on such carpet or carpetings, but, when not so made, should pay a less rate of duty. On the contrary, there is strong reason to conclude that congress considered the character or description of rugs, if like the character or description of any one of such carpets or carpetings, a more important element in fixing their classification than their mode of manufacture. I therefore direct a verdict for the defendant.